UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAEED KAID,

                Plaintiff,

        -against-                         1:20-CV-3643 (LLS)

E. L. TATUM, JR., WARDEN, ET AL,            ORDER
NAMED & UNKNOWN DEFENDANTS,
TWENTY-EIGHT TOTAL DEFENDANTS,

                Defendants.

LOUIS L. STANTON, United States District Judge:

      Plaintiff, currently incarcerated in the Federal Correctional Center in Fairton, New Jersey, brings this *pro se* action alleging that Defendants violated his Eighth Amendment rights. By order dated July 24, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons discussed below, the Court directs Plaintiff to show cause within thirty days why the Court should not dismiss this action as time barred.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Saeed Kaid alleges that Defendants violated his Eighth Amendment rights by failing to protect him and showing deliberate indifference to his serious medical needs. He sues (1) E. L. Tatum Jr., Warden of the Metropolitan Correctional Center ("MCC"); (2) K. Alraheed, Associate Warden of Programs at MCC; (3) Jane Doe, Associate Warden of Operations; and (4) John Doe MCC Captain for violating his rights under the Eighth Amendment. Although Plaintiff lists four Defendants in the body of the complaint, the caption includes "Twenty-Eight Total Defendants." (ECF No. 2, at 1.) Plaintiff also refers to individuals in his statement of facts who are not named in the caption of the complaint. It is therefore unclear against whom Plaintiff seeks to assert claims.

The following facts are taken from the complaint. On January 9, 2017 at 4:00 a.m., the United States Marshals' Service transported Plaintiff from a state-run facility to the MCC. During the MCC booking process, correctional staff working in the "Receiving and Discharge Unit" departed from "FBOP policy." (ECF No. 2, at 3) Instead of assigning Plaintiff to administrative detention to screen "for possible 'separatees or other security threats,'" the Unit conducted a "symbolic" screening and assigned Plaintiff to the general population (Unit 11 North) where a cooperating witness in his case was detained. (*Id.* at 4)

At 7:00 p.m., Plaintiff's cellmate informed him that the cooperating witness, "R.J.," had a "big knife" and that Plaintiff should "be careful." (*Id.*) Plaintiff asked Deputy Officer Anderson to separate him from R.J. because he "felt that his life was in immediate danger"; the Officer instructed Plaintiff to notify his unit team. (*Id.*)

On January 10, 2017 at 6:45 a.m., during breakfast, R.J. asked Plaintiff to accompany him and attacked Plaintiff "without any provocation." (*Id.*) R.J. stabbed Plaintiff in his "mid-lower back," shoved Plaintiff down a set of steps injuring Plaintiff's left foot and ankle, kicked

3

Plaintiff in the head, and stomped on his already injured ankle. (*Id.* at 5) Plaintiff "yelled for help and summoned prison officials." (*Id.*) Deputy Officer Anderson arrived and yelled "stop," but R.J. "continued to attack Plaintiff." (*Id.*) Eventually, backup officers arrived, and Plaintiff was transported to the MCC emergency room. (*Id.*)

In the emergency room, Plaintiff told "R.N. Thomas" that he was stabbed and that his foot and ankle were in "great pain." (*Id.* at 6) X-rays revealed that Plaintiff "sustained fractures in his left foot and ankle joint effusion." (*Id.*) Despite "excruciating pain," Plaintiff "was only provided an ankle brace and then rushed to a detention cell in the Special Housing Unit ('SHU') instead of being transported to a local hospital." (*Id.*) Plaintiff received only his inhaler and "30 naproxens," which were prescribed from a previous injury. (*Id.*)

On January 11, 2017, Plaintiff informed "P.A. C. S. Mandeep" that he continued to suffer "severe pain" as a result of his injuries and that he needed "stronger medication." (*Id.* at 7) On January 13, 2017, Plaintiff filed a sick call request and C.S. Mandeep stated he would notify Health Service Administrator Dr. Gregory Bussanich. (*Id.*) After several days without any response, Plaintiff asked John Doe SHU Lieutenant for assistance because he was in "extreme pain" and had difficulty walking "to and from the showers" without crutches. (*Id.*) The Lieutenant responded that "all of this is above my paygrade." (*Id.*) Plaintiff did not receive stronger pain medication or crutches and had to "painfully use his fractured foot to hop around on a right leg that sustained a broken femur bone years prior," making daily activities "unnecessarily painful and difficult." (*Id.* at 8) On January 23, Plaintiff filed another sick call request with Nurse. Thomas who stated, "all I can do is give them your slip, I can't make any promises after that." (*Id.*)

"Sometime in late January," Plaintiff filed a written complaint which was reviewed by E. Walkes and R. Proto. (*Id.* at 9) E. Walkes looked into Plaintiff's cell and told Plaintiff, "[a]re you fucking crazy? As long as you are in this building, your life will be a living hell." (*Id.*) R. Proto stated, "[i]f you pursue this any further, we will have criminal charges brought against you for assaulting a cooperator and obstruction of justice." (*Id.*) On January 21 during supper, John Doe SHU Officer served Plaintiff a tray of watery rice. (*Id.*) Plaintiff requested a different tray and the Officer responded, "[w]hat you need to worry about is pissing off my man E. Walkes." (*Id.*) Plaintiff found the response "intimidating and threatening." (*Id.*)

On February 3, 2017, Plaintiff "was taken to a local hospital" where he received a hard cast over his left foot and ankle, an ice pack, crutches, and a recommendation for a pain medication, Tramadol, from an "outside doctor." (*Id.* at 8) Plaintiff never received the recommended medication. (*Id.* at 9)

Plaintiff seeks declaratory and monetary relief.

## DISCUSSION

Because Plaintiff alleges that his constitutional rights were violated by employees of the federal government, the Court liberally construes Plaintiff's complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].").

Plaintiff's Bivens claim, however, may be time barred. "The statute of limitations for *Bivens* claims is governed by the statute of limitations applicable to New York state law 'personal injury claims not sounding in intentional tort.'" *Gonzalez v. Hasty*, 802 F.3d 212, 219–20 (2d Cir. 2015) (quoting *Chin v. Bowen*, 833 F.2d 21, 23–24 (2d Cir.1987)). That period is three years. *See* N.Y. C.P.L.R. § 214(5). A *Bivens* claim accrues for statute of limitations

5

purposes when a plaintiff "either has knowledge of his or her claim or has enough information that a reasonable person would investigate and discover the existence of a claim." *Gonzalez*, 802 F.3d at 220 (citing *Kronisch v. United States*, 150 F.3d 112, 123 (2d Cir.1998)). And an Eighth Amendment deliberate indifference claim generally accrues on the date of the alleged incident. *See Shomo v. City of New York*, 579 F.3d 176, 184 (2d Cir. 2009) (dismissing Eighth Amendment failure to protect claim as time barred).

Plaintiff's Eighth Amendment claims arise out of events that occurred from January 9, 2017 to February 3, 2017. Thus, under the applicable three-year limitations period, Plaintiff had until February 3, 2020 to file a timely *Bivens* claim. Plaintiff executed his complaint on February 6, 2020. Plaintiff does not indicate when he submitted the complaint for mailing to his prison's mail system. *See Noble v. Kelly*, 246 F.3d 93 (2d Cir. 2001) (holding that under the "mailbox rule," *pro se* prisoner filings are deemed "filed" on the date they are delivered to prison officials for mailing). The envelope, however, is postmarked May 1, 2020, and the complaint was received by the Court on May 11, 2020.

Accordingly, the Court directs Plaintiff to show cause by declaration why the Court should not dismiss this action as time barred. *See Abbas*, 480 F.3d at 640 (district courts should not dismiss a *pro se* action as time-barred without first giving the *pro se* plaintiff notice and an opportunity to be heard).

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court directs Plaintiff to show cause by declaration why the Court should not dismiss this action as time barred. Plaintiff must submit the declaration to this Court's Pro Se Intake Unit within thirty days of the date of this order and label the document with docket number 20-CV-

6

3643 (LLS). A declaration form is attached to this order. No summons will issue at this time. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will dismiss this action for failure to state a claim upon which relief may be granted as time barred. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:   August 6, 2020
        New York, New York

                                                  /s/ Louis L. Stanton
                                                      Louis L. Stanton
                                                          U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____
Executed on (date)              Signature

_____          _____
Name                            Prison Identification # (if incarcerated)

_____   _____   _____   _____
Address                  City            State     Zip Code

_____          _____
Telephone Number (if available)  E-mail Address (if available)

Page 2