UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAEED KAID, | |
| Plaintiff, | |
| -against- | 20-CV-3643 (LLS) |
| E. L. TATUM, JR., WARDEN, ET AL, NAMED & UNKNOWN DEFENDANTS, TWENTY-EIGHT TOTAL DEFENDANTS, | ORDER TO AMEND |
| Defendants. | |

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated in the Federal Correctional Center in Fairton, New Jersey, brings this *pro se* action alleging that Defendants violated his Eighth Amendment rights. By order dated July 24, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Saeed Kaid alleges that Defendants violated his Eighth Amendment rights by failing to protect him and showing deliberate indifference to his serious medical needs. He sues (1) E. L. Tatum Jr., Warden of the Metropolitan Correctional Center ("MCC"); (2) K. Alraheed,

Associate Warden of Programs at MCC; (3) Jane Doe, Associate Warden of Operations; and (4) John Doe, MCC Captain. Although Plaintiff lists four Defendants in the body of the complaint, the caption of the complaint includes only E. L. Tatum Jr., Warden and "Named & Unnamed Defendants, Twenty-Eight Total Defendants." (ECF No. 2 at 1.) Plaintiff also refers to individuals in his statement of facts who are not named in the caption of the complaint. It is therefore unclear against whom Plaintiff seeks to assert claims.

The following facts are taken from the complaint. On January 9, 2017 at 4:00 a.m., the United States Marshals Service transported Plaintiff from a state-run facility to the MCC. During the MCC booking process, correctional staff working in the "Receiving and Discharge Unit" departed from "FBOP policy." (ECF No. 2 at 3) Instead of assigning Plaintiff to administrative detention to screen "for possible 'separatees or other security threats,'" the Unit conducted a "symbolic" screening and assigned Plaintiff to the general population (Unit 11 North) where a cooperating witness in his case was detained. (*Id.* at 4)

At 7:00 p.m., Plaintiff's cellmate informed him that the cooperating witness, "R.J.," had a "big knife" and that Plaintiff should "be careful." (*Id.*) Plaintiff asked Deputy Officer Anderson to separate him from R.J. because he "felt that his life was in immediate danger"; Anderson instructed Plaintiff to notify his unit team. (*Id.*)

On January 10, 2017 at 6:45 a.m., during breakfast, R.J. asked Plaintiff to accompany him and then attacked Plaintiff "without any provocation." (*Id.*) R.J. stabbed Plaintiff in his "mid-lower back," shoved Plaintiff down a set of steps injuring Plaintiff's left foot and ankle, kicked Plaintiff in the head, and stomped on his already injured ankle. (*Id.* at 5) Plaintiff "yelled for help and summoned prison officials." (*Id.*) Deputy Officer Anderson arrived and yelled

3

"stop," but R.J. "continued to attack Plaintiff." (*Id.*) Eventually, backup officers arrived, and

Plaintiff was transported to the MCC emergency room. (*Id.*)

In the emergency room, Plaintiff told "R.N. Thomas" that he was stabbed and that his

foot and ankle were in "great pain." (*Id.* at 6) X-rays revealed that Plaintiff "sustained fractures

in his left foot and ankle joint effusion." (*Id.*) Despite "excruciating pain," Plaintiff "was only

provided an ankle brace and then rushed to a detention cell in the Special Housing Unit ('SHU')

instead of being transported to a local hospital." (*Id.*) Plaintiff received only his inhaler and "30

naproxens," which were prescribed from a previous injury. (*Id.*)

On January 11, 2017, Plaintiff informed "P.A. C. S. Mandeep" that he continued to suffer

"severe pain" as a result of his injuries and that he needed "stronger medication." (*Id.* at 7) On

January 13, 2017, Plaintiff filed a sick call request and C.S. Mandeep stated he would notify

Health Service Administrator Dr. Gregory Bussanich. (*Id.*) After several days without any

response, Plaintiff asked John Doe SHU Lieutenant for assistance because he was in "extreme

pain" and had difficulty walking "to and from the showers" without crutches. (*Id.*) The John Doe

Lieutenant responded that "all of this is above my paygrade." (*Id.*) Plaintiff did not receive

stronger pain medication or crutches and had to "painfully use his fractured foot to hop around

on a right leg that sustained a broken femur bone years prior," making daily activities

"unnecessarily painful and difficult." (*Id.* at 8) On January 23, Plaintiff filed another sick call

request with Nurse Thomas who stated, "all I can do is give them your slip, I can't make any

promises after that." (*Id.*)

"Sometime in late January," Plaintiff filed a written complaint which was reviewed by E.

Walkes and R. Proto. (*Id.* at 9) E. Walkes looked into Plaintiff's cell and told Plaintiff, "[a]re you

fucking crazy? As long as you are in this building, your life will be a living hell." (*Id.*) R. Proto

stated, "[i]f you pursue this any further, we will have criminal charges brought against you for assaulting a cooperator and obstruction of justice." (*Id.*) On January 21, during supper, John Doe SHU Officer served Plaintiff a tray of watery rice. (*Id.*) Plaintiff requested a different tray and the Officer responded, "[w]hat you need to worry about is pissing off my man E. Walkes." (*Id.*) Plaintiff found the response "intimidating and threatening." (*Id.*)

On February 3, 2017, Plaintiff "was taken to a local hospital" where he received a hard cast over his left foot and ankle, an ice pack, crutches, and a recommendation for a pain medication, Tramadol, from an "outside doctor." (*Id.* at 8) Plaintiff never received the recommended medication. (*Id.* at 9)

Plaintiff seeks declaratory and monetary relief.

## DISCUSSION

By order dated August 6, 2020, the Court construed Plaintiff's complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]."). (ECF No. 8.)

The Court noted that Plaintiff's claims may be time-barred.[2] (*Id.*) The Court therefore directed Plaintiff to show cause by declaration why the Court should not dismiss this action as time-barred. *See Abbas*, *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (district courts should

---

[2] In his complaint, Plaintiff alleges events that occurred from January 9, 2017 to February 3, 2017. He thus had until February 3, 2020, to file a timely *Bivens* claim. Plaintiff executed his complaint on February 6, 2020, but he does not indicate when he submitted the complaint for mailing to his prison's mail system. *See, e.g.*, *Noble v. Kelly*, 246 F.3d 93 (2d Cir. 2001) (holding that under the "mailbox rule," *pro se* prisoner filings are deemed "filed" on the date they are delivered to prison officials for mailing). The envelope, however, is postmarked May 1, 2020, and the complaint was received by the Court on May 11, 2020.

not dismiss a *pro se* action as time-barred without first giving the *pro se* plaintiff notice and an opportunity to be heard).

Because it was unclear whether Plaintiff's complaint was timely filed, the Court directed Plaintiff to file a declaration. Plaintiff filed a declaration on September 15, 2020. In his declaration, Plaintiff does not address the issue of timeliness, but he instead repeats the allegations contained in his complaint and alleges additional facts in support of other violations of his constitutional rights that occurred from February 10, 2017, through March 24, 2018. Plaintiff attaches to his declaration additional documents in support of his claims and refers to individuals in his declaration who are not named in the caption of the complaint or the caption of his declaration. It therefore remains unclear against whom Plaintiff seeks to assert claims.

Because these additional claims and additional Defendants are not contained in Plaintiff's original pleading, and because the information contained in Plaintiff's declaration appears to be Plaintiff's attempt to amend his claims, the Court directs Plaintiff to amend his original complaint. Using the amended complaint form attached to this order, Plaintiff must reallege his claims regarding events that occurred from January 9, 2017, through March 24, 2018. Plaintiff must also clearly identify in the caption of his amended complaint the Defendants whom he seeks to assert claims against and state in the body of the complaint how each Defendant named in the caption of the amended complaint violated his constitutional rights.

## PLAINTIFF'S REQUEST FOR COUNSEL

Plaintiff filed a request for counsel when he filed this action. (ECF No. 3.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge*

*v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's request for counsel (ECF No. 3) is denied without prejudice to renewal at a later date.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to reallege his claims and name the Defendants involved in the alleged deprivation of his rights. Plaintiff must name as the defendants in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights.[4] If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] The Court advises Plaintiff that it is not sufficient to name Defendants only in the "Statement of Claim." Any Defendant whom Plaintiff seeks to pursue relief against must be named as a Defendant in the caption of the case.

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2020, at Sullivan Correctional Facility, during the 7-3 p.m. shift.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint and declaration, any facts or claims that Plaintiff wants to include from the original complaint and declaration must be repeated in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint,"

and label the document with docket number 20-CV-3643 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's request for counsel (ECF No. 3) is denied without prejudice to renewal at a later date.

SO ORDERED.

Dated:   March 18, 2021
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

\_\_\_\_\_CV_____

(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                      Middle Initial                     Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                    State                        Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☐  Convicted and sentenced prisoner

☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

Defendant 2:

First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

Defendant 3:

First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

Defendant 4:

First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____