UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __6/14/2021_____

SAEED KAID,

Plaintiff,

-against-

E.L. TATUM, JR., WARDEN; MR. MCBAIN, R & D
UNIT MANAGER; ROSA PROTO, 9 & 11 NORTH
UNIT MANAGER; E. WALKES, 9 & 11 NORTH UNIT
COUNSELOR; S. ESPINET, 9 & 11 NORTH UNIT
COUNSELOR; F. OLIVERES, 9 NORTH CASE
MANAGER; Z. GARDNER, 9 & 11 NORTH
SECRETARY; S. GREGORY, HEALTH SERVICES
ADMINISTRATOR; A. BUSSANICH, DOCTOR; S.
MANDEEP, PHYSICIAN ASSISTANT-CERTIFIED; T.
THOMAS, REGISTERED NURSE; K. ALRAHEEB,
ASSISTANT WARDEN OF PROGRAMS; L.
ANDERSON, DEPUTY OFFICER; S. ESGUERRA,
CONTRACT RADIOLOGY TECHNICIAN; K.
MASTERS, SHU OFFICER; T. DOCTOR, SPECIAL
INVESTIGATIVE SERVICES; L. SHIVERS,
DISCIPLINARY HEARING OFFICER; JOHN DOE,
SHU LIEUTENANT; JOHN DOE, SHU OFFICER;
AND MR. BANKS, DISCIPLINARY HEARING
OFFICER,

Defendants.

20-CV-3643 (ALC)

ORDER OF SERVICE

ANDREW L. CARTER, JR., United States District Judge:

Plaintiff, currently incarcerated in F.C.I. Fairton, brings this *pro se* action under *Bivens v.*

*Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that,

while he was detained in the Metropolitan Correctional Center, Defendants violated his rights by

failing to protect him and showing deliberate indifference to his serious medical needs. By order

dated July 24, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## DISCUSSION

### A.      Service on Named Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of

Civil Procedure generally requires that summonses and the complaint be served within 90 days

of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

summonses and the complaint until the Court reviewed the complaint and ordered that a

summons be issued. The Court therefore extends the time to serve until 90 days after the date

summonses are issued. If the complaint is not served within that time, Plaintiff should request an

extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that

it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v.*

*Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides

the information necessary to identify the defendant, the Marshals' failure to effect service

automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants E.L. Tatum, Jr., Warden; Mr. McBain, R & D Unit Manager; Rosa Proto, 9 & 11 North Unit Manager; E. Walkes, 9 & 11 North Unit Counselor; S. Espinet, 9 & 11 North Unit Counselor; F. Oliveres, 9 North Case Manager; Z. Gardner, 9 & 11 North Secretary; S. Gregory, Health Services Administrator; A. Bussanich, Doctor; S. Mandeep, Physician Assistant-Certified; T. Thomas, Registered Nurse; K. Alraheeb, Assistant Warden of Programs; L. Anderson, Deputy Officer; S. Esguerra, Contract Radiology Technician; K. Masters, SHU Officer; T. Doctor, Special Investigative Services; L. Shivers, Disciplinary Hearing Officer; and Mr. Banks, Disciplinary Hearing Officer, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. **Because these Defendants are federal Defendants, the Clerk of Court is further instructed to mark the box on the USM-285 forms labeled "Check for service on U.S.A."** The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      John Doe, SHU Lieutenant; and John Doe, SHU Officer**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the Metropolitan Correctional Center to identify John Doe, SHU Lieutenant; and John Doe, SHU Officer. It is therefore ordered that the United States Attorney's Office, which is the attorney for and agent of the Metropolitan Correctional Center, must

ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the addresses where the Defendants may be served. The United States Attorney's Office must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the John Doe Defendants. The second amended complaint will replace, not supplement, the original and amended complaints. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen the second amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for E.L. Tatum, Jr., Warden; Mr. McBain, R & D Unit Manager; Rosa Proto, 9 & 11 North Unit Manager; E. Walkes, 9 & 11 North Unit Counselor; S. Espinet, 9 & 11 North Unit Counselor; F. Oliveres, 9 North Case Manager; Z. Gardner, 9 & 11 North Secretary; S. Gregory, Health Services Administrator; A. Bussanich, Doctor; S. Mandeep, Physician Assistant-Certified; T. Thomas, Registered Nurse; K. Alraheeb, Assistant Warden of Programs; L. Anderson, Deputy Officer; S. Esguerra, Contract Radiology Technician; K. Masters, SHU Officer; T. Doctor, Special Investigative Services; L. Shivers, Disciplinary Hearing Officer; and Mr. Banks, Disciplinary Hearing Officer, and deliver all documents necessary to effect service to the U.S. Marshals Service. **Because these Defendants are federal Defendants, the Clerk of**

**Court is further instructed to mark the box on the USM-285 forms labeled "Check for service on U.S.A."**

The Clerk of Court is directed to mail a copy of this order and the complaint to United States Attorney's Office at: 86 Chambers Street, New York, New York 10007.

A second amended complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 14, 2021
         New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.      E.L. Tatum, Jr., Warden
        Metropolitan Correctional Center
        150 Park Row
        New York, New York 10007

2.      Mr. McBain, R & D Unit Manager
        Metropolitan Correctional Center
        150 Park Row
        New York, New York 10007

3.      Rosa Proto, 9 & 11 North Unit Manager
        Metropolitan Correctional Center
        150 Park Row
        New York, New York 10007

4.      E. Walkes, 9 & 11 North Unit Counselor
        Metropolitan Correctional Center
        150 Park Row
        New York, New York 10007

5.      S. Espinet, 9 & 11 North Unit Counselor
        Metropolitan Correctional Center
        150 Park Row
        New York, New York 10007

6.      F. Oliveres, 9 North Case Manager
        Metropolitan Correctional Center
        150 Park Row
        New York, New York 10007

7.      Z. Gardner, 9 & 11 North Secretary
        Metropolitan Correctional Center
        150 Park Row
        New York, New York 10007

8.      S. Gregory, Health Services Administrator
        Metropolitan Correctional Center
        150 Park Row
        New York, New York 10007

9.      A. Bussanich, Doctor
        Metropolitan Correctional Center
        150 Park Row
        New York, New York 10007

10.    S. Mandeep, Physician Assistant-Certified
       Metropolitan Correctional Center
       150 Park Row
       New York, New York 10007

11.    T. Thomas, Registered Nurse
       Metropolitan Correctional Center
       150 Park Row
       New York, New York 10007

12.    K. Alraheeb, Assistant Warden of Programs
       Metropolitan Correctional Center
       150 Park Row
       New York, New York 10007

13.    L. Anderson, Deputy Officer
       Metropolitan Correctional Center
       150 Park Row
       New York, New York 10007

14.    S. Esguerra, Contract Radiology Technician
       Metropolitan Correctional Center
       150 Park Row
       New York, New York 10007

15.    K. Masters, SHU Officer
       Metropolitan Correctional Center
       150 Park Row
       New York, New York 10007

16.    T. Doctor, Special Investigative Services
       Metropolitan Correctional Center
       150 Park Row
       New York, New York 10007

17.    L. Shivers, Disciplinary Hearing Officer
       Metropolitan Correctional Center
       150 Park Row
       New York, New York 10007

18.    Mr. Banks, Disciplinary Hearing Officer
       Metropolitan Correctional Center
       150 Park Row
       New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____CV_____

(Include case number if one has been assigned)

Write the full name of each plaintiff.

-against-

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes      ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.      LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name              Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 2:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 3:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 4:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Page 3

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____