UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 12/29/2021

SAEED KAID,

                Plaintiff,

-against-

E.L. TATUM, JR., WARDEN, ET AL.,

                Defendants.

1:20-CV-3643 (ALC)

**ORDER TO RESPOND**

**ANDREW L. CARTER, JR., United States District Judge:**

    Counsel for Defendant S. Esguerra, Contract Radiology Technician ("Defendant"), have filed appearances in this case. ECF Nos. 18, 40. It does not appear that Defendant has been served the summons and Amended Complaint. In accordance with the existing *Valentin* Order, *see* ECF Nos. 32, 36, Defendant's lawyers are directed to provide the address where S. Esguerra may be served within **fourteen (14) days** of the date this Order is issued so that service on Defendant may be executed. The Clerk of Court is directed to mail a copy of this Order to Plaintiff and note service on the docket.

**SO ORDERED.**

  **Dated**:   December 29, 2021
             New York, New York

                                                **ANDREW L. CARTER, JR.**
                                                **United States District Judge**

**Certified; and Rosa Proto, 9 & 11 North Unit Manager**—who are employed by MCC as contractors. *See* ECF Nos. 22, 24-31.

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). Because the above-mentioned Defendants are employed by MCC as contractors, MCC shall provide residential addresses where each of these Defendants may be served. MCC must provide this information to the Court within thirty days of the date of this order.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, as well as to the Staff Attorney's Office at MCC at: 150 Park Row, New York, New York 10007.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.