UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAEED KAID,

                         Plaintiff,

-against-

WARDEN E.L. TATUM, JR. et al.,

                         Defendants.

Case No. 1:20-cv-03643 (JLR)

**MEMORANDUM OPINION
AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

      On May 11, 2020, Plaintiff commenced this action. ECF Nos. 1-3. Plaintiff filed an amended complaint on May 25, 2021. ECF No. 12 (the "Amended Complaint"). Liberally construed, the Amended Complaint raises claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2679(a). On January 25, 2023, the case was reassigned to the undersigned. ECF No. 95. Defendants filed motions to dismiss the Amended Complaint on April 11 and 13, 2023. ECF Nos. 105, 111. On November 21, 2023, the Court entered an amended order of reference. ECF No. 135.

      On January 24, 2024, Magistrate Judge Cave issued a Report and Recommendation recommending that the Court grant Defendants' motions to dismiss the Amended Complaint with prejudice and deny Plaintiff leave to amend. ECF No. 137 (the "Report") at 2. Specifically, the Report recommended that: (1) the Court dismiss Plaintiff's inadequate-medical-treatment *Bivens* claim because it "presents a new *Bivens* context" and "special factors counsel against expanding *Bivens* to recognize a new claim here," *id.* at 20; (2) the Court dismiss Plaintiff's failure-to-protect *Bivens* claim on similar grounds, *see id.* at 26-27; (3) the Court dismiss Plaintiff's interference-with- remedies *Bivens* claim on similar grounds, *see id.* at 27-28;

1

(4) the Court dismiss Plaintiff's FTCA for failure to exhaust administrative remedies, *see id.* at 29-40; and (5) the Court deny Plaintiff leave to amend on the ground of futility, *see id.* at 41. The Report warned in bold, all-caps text that the failure to timely object would result in a waiver of objections and preclude appellate review. *Id.* at 42. Magistrate Judge Cave ordered Defendants to "serve a copy of this Report and Recommendation on Mr. Kaid and file proof of service on the docket" within two days. *Id.* at 41. That same day, on January 24, 2024, Defendants filed on the docket a certificate of service of Plaintiff by mail. ECF No. 138; *see* Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address – in which event service is complete upon mailing").

Ordinarily, a party must file objections to a magistrate judge's recommended disposition within 14 days after the party is served with a copy of the recommended disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). But "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) . . . , 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Hence, the deadline to respond to the Report was 17 days (14 days plus 3 days) after January 24, 2024 (the date when Defendants mailed the Report to Plaintiff, thereby completing service under Rule 5(b)(2)(C)). Seventeen days after January 24, 2024, was Saturday, February 10, 2024. "When [a time] period is stated in days" and "the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Thus, Plaintiff's objections to the report were due on Monday, February 12, 2024.

The February 12, 2024 deadline has now passed and no objections have been filed to the Report. A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P.

2

72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989).  "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Harleysville Ins. Co. v. Certified Testing Lab'ys Inc.*, --- F. Supp. 3d ----, 2023 WL 4406156, at *1 (S.D.N.Y. July 7, 2023) (citation omitted).  "A party's 'failure to object timely to a report waives any further judicial review of the report' so long as the party received 'clear notice of the consequences of their failure to object.'"  *Id.* (quoting *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *see also Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.").

Here, no party has submitted objections to the Report.  The Court therefore reviews the Report for clear error.  *See Harleysville*, 2023 WL 4406156, at *1.  The Court finds that the Report's reasoning is sound, comprehensive, and grounded in fact and law.  The Court will therefore adopt the Report with a modification to its recommended manner of dismissal.

The Court agrees with the Report that Plaintiff fails to state claims under *Bivens*.  *See* Report at 16-29.  As the Report recognizes, Plaintiffs sues all of the Defendants in their individual capacities.  *See id.* at 2 & n.4.  "Whether a court should imply a *Bivens* remedy [against an individual defendant] is not a question of subject matter jurisdiction."  *Lewis v. Bureau of Alcohol, Tobacco & Firearms*, No. 16-cv-01057 (RPK), 2021 WL 2576731, at *3 (E.D.N.Y. June 23, 2021) (brackets and citation omitted); *accord Azar v. Ashcroft*, 585 F.3d 559, 632 n.6 (2d Cir. 2009) (en banc) (Calabresi, J., dissenting) ("The existence *vel non* of a *Bivens* action is not a jurisdictional prerequisite that must be resolved first.  If this was ever in doubt, it has been resolved by *Ashcroft v. Iqbal*, 556 U.S. 662[, 675] (2009), which makes clear that a court can 'assume, without deciding, that [a] claim is actionable under *Bivens*' and then dismiss a

3

case on non-jurisdictional grounds." (second alteration in original)); *Salamone v. United States*, 618 F. Supp. 3d 146, 151 (S.D.N.Y. 2022) ("[T]he *Bivens* claim, . . . because it is brought against the individual defendants, does not implicate the sovereign immunity of the United States, and does not implicate the subject matter jurisdiction of the Court."); *Mohamed v. FBI*, No. 14-cv-07615 (CM), 2015 WL 6437369, at *3 (S.D.N.Y. Oct. 21, 2015) ("[T]he purported *Bivens* claim must be dismissed for failure to state a claim under Rule 12(b)(6)."); *Shapiro v. Cmty. First Servs., Inc.*, No. 11-cv-04061 (KAM), 2013 WL 1122628, at *4 (E.D.N.Y. Mar. 18, 2013) ("[D]efendants' central contention is that plaintiff has failed to state a cognizable claim for relief because the *Bivens* remedy does not extend to [this context]. Consequently, defendants' challenge to the availability of a *Bivens* remedy in this case does not implicate the court's subject matter jurisdiction."). Therefore, Plaintiff's claims under *Bivens* are dismissed with prejudice under Rule 12(b)(6). The Court denies leave to amend these claims for the reasons stated in the Report. *See* Report at 41.

The Court agrees with the Report that Plaintiff has failed to exhaust his interference-with-remedies FTCA claim. *See* Report at 36 (Plaintiff "*never* presented . . . the Interference Claim" to the regional office of the Bureau of Prisons). The Court also agrees with the Report that, under Second Circuit precedent, a plaintiff's failure to exhaust administrative remedies for an FTCA claim deprives the Court of subject-matter jurisdiction over that claim. *See id.* at 31. Thus, Plaintiff's interference-with-remedies FTCA claim is dismissed without prejudice under Rule 12(b)(1). *See Donnelly v. Controlled Application Rev. & Resol. Program Unit*, 37 F.4th 44, 57 (2d Cir. 2022) ("A dismissal for lack of jurisdiction must be without prejudice rather than with prejudice. Dismissals for failure to state a claim, on the other hand, are generally with prejudice." (quotation marks and citation omitted)); *Katz v. Donna Karan Co.*, 872 F.3d 114, 121

(2d Cir. 2017) (same).  The Court denies leave to amend these claims for the reasons stated in the Report.  *See* Report at 41; *see also Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 445 (2d Cir. 2022) ("A dismissal for lack of jurisdiction without leave to amend is not the same thing as a dismissal with prejudice." (citation omitted)).

As for Plaintiff's other two FTCA claims, the Court agrees with the Report that they are untimely and that equitable tolling does not apply.  *See* Report at 29-40.  The FTCA's time bars are non-jurisdictional claim-processing rules.  *See United States v. Wong*, 575 U.S. 402, 405, 410 (2015).  Therefore, the Court dismisses Plaintiff's two remaining FTCA claims with prejudice under Rule 12(b)(6).  The Court denies leave to amend these claims for the reasons stated in the Report.  *See* Report at 41.

Accordingly, the Court adopts the thorough and well-reasoned Report with the modification that Plaintiff's *Bivens* claims are DISMISSED with prejudice under Rule 12(b)(6), the interference-with-remedies FTCA claim is DISMISSED without prejudice under Rule 12(b)(1), and the remaining two FTCA claims are DISMISSED with prejudice under Rule 12(b)(6).  Leave to amend is DENIED.

The Clerk of Court is respectfully directed to terminate the pending motions (ECF Nos. 105, 111) and close the case.  In light of the clear notice provided in the Report, the lack of any timely objections precludes appellate review of this decision.  *See Frank*, 968 F.2d at 300.

Dated: February 15, 2024
       New York, New York

                            SO ORDERED.

JENNIFER L. ROCHON
United States District Judge